UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM DALE DAVIS,<br><br>                              Plaintiff,<br><br>       v.<br><br>R. POWELL, T. BOREM, L. SMALL, K. OURS,<br><br>                              Defendant. | Civil No.   10cv1891-CAB (RBB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br>**[Doc. Nos. 30, 35]** |

On October 6, 2011, plaintiff filed a Second Amended Complaint ("SAC"). [Doc. No. 29.]   On October 13, 2011, defendants filed a motion to dismiss the SAC. [Doc. No. 30.] On October 31, 2011, Plaintiff filed an opposition to the motion to dismiss. [Doc. No. 31.] On November 7, 2011, Defendants filed a reply to the opposition. [Doc. No. 33.] On July 25, 2012, Magistrate Judge Brooks prepared a Report and Recommendation ("Report") recommending that the motion to dismiss the SAC be granted in part and denied in part. [Doc. No. 35.] The Report also ordered that any objections were to be filed by August 24, 2012. [Report at 71.] To date, no objection has been filed, nor have there been any requests for an extension of time in which to file an objection.

A district court's duties concerning a magistrate judge's report and recommendation and a respondent's objections thereto are set forth in Rule 72(b) of the Federal rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  When no objections are filed, the district court is not required to review the magistrate judge's report and recommendation.  The Court reviews *de novo* those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1). The Court may "accept,

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir.2003) (en banc) (emphasis in original). "Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct." *Id*. In the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbel v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

Here, neither party has timely filed objections to the Report. Having reviewed it, the Court finds that it is thorough, well reasoned, and contains no clear error. Accordingly, the Court hereby (1) **ADOPTS** Magistrate Judge Brooks' Report and Recommendation; and (2) **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss the SAC as set forth below.

Per Magistrate Judge Brook's Report and Recommendation, the Court **ORDERS AS FOLLOWS**:

(1) Plaintiff's references to violations of the California Code of Regulations are not separate causes of action. Therefore, Defendants' motion to dismiss this portion of count two is **GRANTED** without leave to amend.

(2) Plaintiff improperly includes several new causes of action in count two of his SAC. First, an amendment to include a retaliation claim in count two against Defendant Small for the addendum he approved on September 16, 2009, would not clearly be futile. This retaliation claim is properly asserted. Defendant Small's motion to dismiss this claim is **DENIED**. A retaliation claim against Defendant Small for the October 25, 2010 policy, however, would be futile; this claim shall not be considered. Therefore, Defendant Small's motion to dismiss this claim is **GRANTED** without leave to amend.

(3) Retaliation claims against Defendants Powell, Borem, and Ours for the September 2009 and October 2010 policies would also be futile. Their motion to dismiss both retaliation claims against them is **GRANTED** without leave to amend.

(4) Defendants Powell, Borem, and Ours's motion to dismiss the conspiracy causes of action

against them in count two is **GRANTED** without leave to amend; an amendment to include a conspiracy claim against Defendant Small would be futile, and the conspiracy claim against him is **DISMISSED** without leave to amend.

(5) Defendant Small's motion to dismiss the equal protection claim in count two regarding the September 16, 2009 policy addendum is **DENIED**. An amendment to include an equal protection claim against Powell, Borem, and Ours for this policy would be futile and is **DISMISSED** without leave to amend. Likewise, an amendment to include an equal protection cause of action against all Defendants based on the October 25, 2010 policy would be futile and is **DISMISSED** without leave to amend.

(6) The motion to dismiss the First Amendment and RLUIPA causes of action against all Defendants in count one is **DENIED**; in count two, the Defendants' motion to dismiss the First Amendment and RLUIPA claims is **GRANTED** without leave to amend.

(7) All of the Defendants are entitled to qualified immunity for the First Amendment claims against them in count two, and their motion to dismiss Plaintiff's claim for civil damages on this basis is **GRANTED**. The Defendants are not, however, entitled to qualified immunity as to the First Amendment allegations in count one, and their motion to dismiss on this basis is **DENIED**.

(8) Defendant Ours, Powell, and Borem's motion to dismiss Plaintiff's claim for civil damages for the equal protection violation alleged in count two on qualified immunity grounds is **GRANTED**. Defendant Small is not immune from damages attributable to the equal protection claim against him in count two for the September 2009 policy. His motion to dismiss on this ground is **DENIED**. Defendant Small is, however, entitled to qualified immunity for the equal protection claim against him in count two, focusing on the October 2010 addendum, and his motion to dismiss Plaintiff's claim for civil damages for this claim is **GRANTED**.

**IT IS SO ORDERED.**

DATED: October 4, 2012

_____
**CATHY ANN BENCIVENGO**
United States District Judge